# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRENDA L. MUTCHERSON, ) | |
| ) | No. 9:12-cv-0833-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| CARE CORE NATIONAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 107). In this action, Plaintiff asserts two claims against Defendant: a Title VII hostile work environment claim and an interference claim under the Family and Medical Leave Act (FMLA). (*See* Dkt. No. 34). The Magistrate Judge recommends granting summary judgment to Defendant on both claims. (Dkt. No. 107). Plaintiff filed a timely objection to the R & R (Dkt. No. 111), and Defendant replied (Dkt. No. 113). For the reasons stated below, the Court ADOPTS the Magistrate Judges's R & R as an Order of this Court and GRANTS Defendant's motion for summary judgment (Dkt. No. 98).

## I. LEGAL STANDARD

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is

made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

## II. DISCUSSION

### A. Hostile Work Environment

The Court agrees with the Magistrate Judge that Plaintiff has failed to show that any unwelcome conduct in the workplace was due to her race or sufficiently severe or pervasive as to alter her condition of her employment. Plaintiff readily admits in her deposition that she has no reason to believe that the conduct of which she complains is based on her race; therefore,

summary judgment is appropriate.[1] *See Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir.1994) ("General harassment if not [based on a protected class] is not actionable."). Furthermore, the incidents that she complains of are isolated incidents, involving single instances of one employee talking about another employee or single confrontations with the Plaintiff, admittedly unrelated to race. Such isolated incidents are insufficient for a hostile work environment claim. *See Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 359 (4th Cir. 2013) ("[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (internal quotes omitted).

In her objections, Plaintiff states that she was "often . . . called the N word" by Ms. Campbell. (Dkt. No. 111 at 5). However, this statement is contrary to her sworn deposition testimony. Plaintiff testified in her deposition that Ms. Campbell did not call her names or the N word but that, in telling stories, Ms. Campbell would "throw it in." (Dkt. No. 105-3 at 4-5). Plaintiff also testified in her deposition that this happened several times during one meeting, but not in any other instance. (*Id.* at 6-7). Even if Plaintiff's statement in her objections were sworn, it would not defeat summary judgment. A party cannot defeat summary judgment by simply submitting an affidavit contradicting her own prior testimony. *E.g., Stevenson v. City of Seat Pleasant, Md.*, - - - F.3d - - - -, 2014 WL 660919 at *8 (4th Cir. 2014); *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984). Therefore, summary judgment is appropriate.

---

[1] Plaintiff raises an incident in her objections, claiming that an HR representative embarrassed her by yelling loudly that Plaintiff did not know how to spell. (Dkt. No. 111 at 5). Again, there is no evidence that this incident had anything to do with Plaintiff's race.

## B. Interference with FMLA claim

The Court agrees with the Magistrate Judge that Plaintiff's FMLA claim is time-barred, as she asserted her claim more than two years after her daughter's car accidents and her daughter's related surgeries. The Court also agrees that even if the FMLA claim was not time-barred, she has failed to put forward enough evidence to survive summary judgment. Plaintiff testified that she does not remember to whom she made the FMLA request but that she thinks the request was to Deanna Capps; that she did not complete any FMLA paperwork; and that she does not remember the response to her request but that she "could not get FMLA." (Dkt. No. 98-2 at 45). Without any supporting evidence, this is simply not enough to survive summary judgment. *See Dash*, 731 F.3d at 311. Again, Plaintiff changes her story in her objections to the R & R, stating that she is certain that she requested FMLA from Ms. Capps and that Ms. Capps told her that she could not receive FMLA because her daughter was not a minor. (Dkt. No. 111 at 4). However, this change in her story does not create an issue of fact. *Stevenson v. City of Seat Pleasant, Md.*, 2014 WL 660919 at *8.

In her objections, Plaintiff also claims that FMLA was denied even though "it was needed to see my doctors for appointments and emergency visits, for my heart and my eyes." (Dkt. No. 111 at 6). However, Plaintiff never pled an FMLA claim based on her own health conditions; her FMLA claim was only based on her alleged FMLA request to attend to her daughter after a car accident. (*See* Dkt. No. 34; *see also* Dkt. No. 1; Dkt. No. 30). Thus, this information is irrelevant to the claims in this suit.

**C. Other Allegations**

In Plaintiff's objections, she also accuses Defendant of hiring a private detective team to "terrorize" her family. (Dkt. No. 111 at 2). She claims that people who "look like meth addicts" and "smell like old cigarettes" break into her home, come into her son's room while he sleeps, and steal her son's video games. (*Id.* at 2-3). However, Plaintiff testified in her deposition that she has no evidence that Defendant had anything to do with these acts. (Dkt. No. 113-1 at 3-4). Without any evidence that Defendant was responsible for these acts, they are irrelevant to this suit.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judges's R & R in full as an Order of this Court. According, Defendant's Motion for Summary Judgment (Dkt. No. 98) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

March 14, 2014
Charleston, South Carolina